UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 14-030S |
| | : | |
| BROSHAWN COAKLEY | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

      This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter.  In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a revocation hearing was held on December 1, 2015, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to the charged violations.  At this hearing, I ordered Defendant detained pending my Report and Recommendation and final sentencing before Chief Judge William E. Smith.

      Based upon the following analysis and the admission of Defendant, I recommend that Defendant be committed to the Bureau of Prisons for a term of incarceration of fifteen months to be followed by a term of supervised release of fifteen months with the following special conditions:

      1.     Defendant shall participate in a program of substance abuse treatment (inpatient or outpatient), as directed and approved by the Probation Office.  Defendant shall contribute to the costs of such treatment based on ability to pay as determined by the Probation Officer;

2.       Defendant shall participate in a program of substance abuse testing (up to seventy-two drug tests per year) as directed and approved by the Probation Office. Defendant shall contribute to the costs of such testing based on ability to pay as determined by the Probation Officer;

3.       Defendant shall participate in GED preparation classes until he obtains his GED; and

4.       Defendant shall participate in a manualized behavioral program as directed by the Probation Officer. Such program may include group sessions led by a counselor or participation in a program administered by the Probation Office. Defendant shall pay for the cost of treatment to the extent he is able as determined by the Probation Officer.

**Background**

On October 28, 2015, the Probation Office petitioned the Court for the issuance of an arrest warrant. On October 29, 2015, the District Court reviewed the request and ordered the issuance of an arrest warrant. On December 1, 2015, Defendant was brought before the Court for a revocation hearing at which time he admitted to the following charges:

> **1. Defendant shall not commit another federal, state or local crime.**
>
> On March 25, 2015, Defendant was arrested by the Boston Police Department in Massachusetts and charged with Operating After Revocation or Suspension of License (misdemeanor).
>
> On March 29, 2015, Defendant was arrested by the Massachusetts State Police in Boston and charged with Operating After Revocation or Suspension of License (misdemeanor).
>
> On October 20, 2015, Defendant was arrested by the Boston Police Department in Massachusetts and charged with Auto Theft – Receiving Stolen Motor Vehicle (felony); and Operating After Revocation or Suspension of License (misdemeanor).
>
> **2. Defendant shall not leave the judicial district without permission of the Court or Probation Officer**.

> On March 25, 2015; March 29, 2015; October 20, 2015 and again on November 14, 2015, Defendant was in the District of Massachusetts, as evidenced by his contact with law enforcement on each of these occasions.
>
> **3. Defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the Probation Officer.**
>
> On March 29, 2015, Defendant was in the company of Matthew Davis when he was arrested by the Massachusetts State Police. Mr. Davis has a prior federal felony conviction.
>
> **4. Defendant shall participate in GED preparation classes unless he obtains his GED while incarcerated.**
>
> Defendant has failed to successfully enroll and participate in GED preparation classes as instructed.

As Defendant has admitted these charges, I find he is in violation of the terms and conditions of his supervised release.

**Recommended Disposition**

Section 3583(e)(2), 18 U.S.C., provides that if the Court finds that Defendant violated a condition of supervised release, the Court may extend the term of supervised release if less than the maximum term was previously imposed. In this case, the maximum term of supervised release was previously imposed, therefore, the term cannot be extended.

Section 3583(e)(3), 18 U.S.C., provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term or supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was

a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence. In this case, Defendant was on supervision for a Class C felony. Therefore, he may not be required to serve more than two years' imprisonment upon revocation.[1]

Pursuant to 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the authorized statutory maximum term of supervised release is three years. The Court has previously imposed a six-month term of imprisonment for violations of supervised release. Therefore, the Court may impose the above-noted statutory maximum, minus six months, less the term of imprisonment that is to be imposed for this revocation.

Section 7B1.1 of the Sentencing Guidelines provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

---

[1] Historically, the practice in this Court has been to aggregate violation sentences for purposes of meeting the statutory maximums set forth in 18 U.S.C. § 3583(e)(3). However, the language of Section 3583(e)(3), as amended, and subsequent legal precedent provide that aggregation is not required, and the statutory maximum may be imposed for each supervised release violation. See United States v. Perry, 743 F.3d 238, 241-242 (7th Cir. 2014).

Case 1:14-cr-00030-S-LDA   Document 24   Filed 12/22/15   Page 5 of 9 PageID #: 120

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense punishable by a term of imprisonment exceeding twenty years.  Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year.  Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision.  Subsection (a)(2) provides that upon a finding of a Grade C violation, the court may revoke, extend, or modify the conditions of supervision.  In this case, Defendant has committed a Grade B violation.  Therefore, the Court shall revoke supervision.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term.  Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.  Neither provision applies to this matter.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense punishable by a term of imprisonment exceeding twenty years.  Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year.  Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision.  Subsection (a)(2) provides that upon a finding of a Grade C violation, the court may revoke, extend, or modify the conditions of supervision.  In this case, Defendant has committed a Grade B violation.  Therefore, the Court shall revoke supervision.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term.  Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.  Neither provision applies to this matter.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment. In this case, there is no outstanding restitution, fine, community confinement, home detention or intermittent confinement.

Section 7B1.4(a) of the USSG provides that the criminal history category is the category applicable at the time Defendant was originally sentenced. In this instance, Defendant had a Criminal History Category of IV at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. In this case, Defendant committed a Grade B violation and has a Criminal History Category of IV. Therefore, the applicable range of imprisonment for this violation is twelve to eighteen months.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

Defendant is twenty-nine years old. He is a Criminal History Category IV with purported gang ties in the Boston area. He was convicted in the District of Massachusetts of being a felon unlawfully in possession of a firearm. He was sentenced in 2010 to fifty-four months' incarceration to be followed by three years' supervised release.

His supervised release commenced on October 25, 2013. He is a native of the Boston area but moved to Providence after his release to reside with his mother. This Court accepted jurisdiction over his case on February 26, 2014.

Defendant apparently desires to move back to Massachusetts but has not been granted permission to do so due to his record of noncompliance. He is restricted from leaving this District without permission. This is Defendant's second violation case. In his first violation, Defendant admitted to several Grade C violations including regularly leaving the District without permission. His guideline range was six to twelve months, and he received a low-end, six-month violation sentence.

Defendant was released, and his supervised release recommenced on January 20, 2015. He promptly reverted to noncompliance and continued to make unauthorized trips to Massachusetts. Probation learned of four such trips because Defendant was arrested on three occasions and the victim of a gun-shot wound on the fourth. Defendant was charged with driving without a valid license on three occasions (misdemeanors) and with driving a stolen rental vehicle on one occasion (a felony). Also, on March 29, 2015, Defendant was knowingly driving with a federally convicted felon as his passenger in violation of his conditions of supervision. Finally, on November 14, 2015, the Boston Police responded to a reported shooting in Dorchester and found Defendant injured from a gunshot. He was transported to a local hospital for treatment.

Defendant has admitted to a Grade B violation, and the guideline range is twelve to eighteen months. The Government described Defendant as a significant danger to the community and argued for a maximum sentence of twenty-four months to be followed by six months of supervised release. Defendant's counsel argued for a sentence no longer than twelve months and one day with no further supervised release. I do not find either recommendation to be reasonable. Although Defendant's

behavior is troubling and the circumstances of his trips to Massachusetts are suspicious, he has not been charged with any violent conduct. This is Defendant's second violation, and, an above guideline, statutory maximum violation sentence is not warranted. On the other hand, a low-end sentence of twelve months and one day is too lenient. Defendant received a low-end sentence previously, and he did not get the message. While he should get some credit for admitting the violations and accepting responsibility, a mid-range sentence of fifteen months is a more reasonable sentence.[2] Finally, as to supervised release, I recommend the maximum available remaining term of fifteen months. Defendant is still relatively young. He has not obtained his GED and has very little employment history. He may yet see the light and take advantage of the resources available to him on supervised release.

**Conclusion**

Based on Defendant's admission of the charges, I recommend that Defendant be committed to the Bureau of Prisons for a term of incarceration of fifteen months to be followed by a term of supervised release of fifteen months with the following special conditions:

1. Defendant shall participate in a program of substance abuse treatment (inpatient or outpatient), as directed and approved by the Probation Office. Defendant shall contribute to the costs of such treatment based on ability to pay as determined by the probation officer;

2. Defendant shall participate in a program of substance abuse testing (up to seventy-two drug tests per year) as directed and approved by the Probation Office. Defendant shall contribute to the costs of such testing based on ability to pay as determined by the Probation Officer;

3. Defendant shall participate in GED preparation classes until he obtains his GED; and

---

[2] If Defendant continues down this path and engages in similar behavior upon his release, I would likely recommend the statutory maximum if there is a third strike.

4.      Defendant shall participate in a manualized behavioral program as directed by the Probation Officer.  Such program may include group sessions led by a counselor or participation in a program administered by the Probation Office.  Defendant shall pay for the cost of treatment to the extent his is able as determined by the Probation Officer.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14)  days of its receipt.  Fed. R. Crim. P. 59; LR Cr 57.2.  Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision.  United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 22, 2015